[Crim. No. 2690.   Second Appellate District, Division One.—July 24, 1935.]

THE PEOPLE, Respondent, v. CHRIS G. BARR, Appellant.

Stoner & Gardner and L. E. Alimisis for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

YORK, J.—The defendant was found guilty on two counts charging grand theft of certain watermelons and bills of

lading for the watermelons. We will take the numbers used by the appellant in his statement of questions involved as set forth in his opening brief in our numbering of the questions discussed in this decision, as there is confusion in the briefs as to which point is raised under which particular number.

■ Appellant's point one is apparently based on the rulings by the court in allowing leading questions to be put to the defendant. This is a matter entirely within the sound discretion of the court, and has always been so held. The record does not disclose any possible abuse of such sound discretion in any of the rulings objected to, and there is nothing in the record to show any prejudice by reason of allowing any of the leading questions, as each of the questions allowed was merely as to *pro forma* matters, and was evidently allowed to save time. There is no objection by appellant that there was any favoritism in allowing the prosecution any more liberality as to leading questions than was shown to the defendant.

■ Point two raised by appellant is that the court erred in refusing the defendant permission to introduce telegrams showing the innocent nature of the transactions involved. The record does not disclose any attempt to introduce any telegrams that would have had any such effect. In fact, it does not disclose any attempt on the part of the defendant to introduce any telegrams or to introduce any testimony identifying the telegrams sufficiently so that they could be offered in evidence.

■ Point three, as stated in appellant's opening brief, is: "Is the evidence sufficient beyond a reasonable doubt to support the judgment of conviction?" A careful reading of all of the evidence submitted to us by the briefs discloses that there was sufficient evidence to justify the court in reaching the conclusion that defendant was guilty as charged.

■ As to point four: "Did the court abuse his discretion in denying the defendant a new trial?"—this motion for a new trial was made upon certain affidavits alleging newly discovered evidence, which appellant claims would have resulted in his ultimate acquittal, if it had been introduced at the time of trial. The affidavits, however, disclose that such evidence was cumulative only. and mainly corroborative of

the testimony introduced by defendant himself. There is no showing of diligence on the part of the appellant in securing at the time of the trial the presence of witnesses, who made the affidavits used in support of the motion for new trial.

The judgment of conviction and the order denying motion for new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.