[Civ. No. 10132. Second Appellate District, Division Two.—April 10, 1936.]

MARY L. THATCH, Respondent, v. RUTH LIVINGSTON et al., Appellants.

R. D. Wickham for Appellants.

Sloan Pitzer for Respondent.

McCOMB, J., *pro tem.*—This is an appeal by defendants from a judgment in favor of plaintiff after a trial before the court without a jury.

The conceded facts are:

July 29, 1931, plaintiff, the grandmother of defendant Ruth Livingston, loaned to defendants the sum of $2,400 secured by a note and trust deed executed by defendants and naming plaintiff and defendant Ruth Livingston as the payees of the note and beneficiaries under the trust deed. Plaintiff filed this action to quiet title to the promissory note and trust deed, alleging that defendants misrepresented certain facts at the time of the execution of the note.

■ This is the sole question presented for our determination:

*Was there substantial evidence to sustain the trial court's findings that defendants by misrepresentation induced plaintiff to accept as security for a loan a note and trust deed, naming plaintiff and defendant Ruth Livingston as the payees of the note and beneficiaries under the trust deed?*

We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgment in favor of plaintiff was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399]; *Koeberle* v. *Hotchkiss,* 8 Cal. App. (2d) 634 [48 Pac. (2d) 104].)

In thus disposing of this case we are heartily in accord with a recent expression of Mr. Justice McReynolds. He says:

"In my view, multiplied judicial utterances have become a menace to orderly administration of the law. Much would be gained if three-fourths (maybe nine-tenths) of those published in the last twenty years were utterly destroyed. Thousands of barren dissertations have brought confusion, and often contempt. . . . Hurried opinions and long dictated ones, when not laboriously revised, generally have no proper place except in the waste basket."

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.