[Civ. No. 10938.  Second Appellate District, Division Two.—May 13, 1936.]

COAST SURETY CORPORATION (a Corporation), Appellant, v. LULU C. WHITE et al., Respondents.

Leslie S. Bowden for Appellant.

Ben C. Cohen, Irving Cohen and Clarence Hansen for Respondents.

McCOMB, J., *pro tem.*—Plaintiff appeals from a judgment in favor of defendant Hazel A. Dunlap and an order obtained by defendant Lulu C. White, modifying a temporary injunction.

The facts are these:

Pursuant to the requirements of subdivision 3 of section 6 of Act 3814, volume 2, Deering's General Laws, page 1930, plaintiff, as surety, filed with the commissioner of corporations of the state of California a bond in the sum of $5,000 for the benefit of any interested person, providing for the faithful performance by Financial Guarantee Corporation, Ltd., a broker, of all the terms and conditions of the Corporate Securities Act. Thereafter a duly authorized agent of the broker falsely represented to defendant Hazel A. Dunlap, for the purpose of obtaining from her $2,848.06, that (a) they had direct telegraph wires in communication with New York and were able to get first-hand information upon all stocks and securities, (b) they would invest her money without risk of loss or speculating with her money, and (c) they would add to money deposited with them by her an equal sum for the purpose of investing it in good securities. In fact they returned to defendant Hazel A. Dunlap the sum of $624.99 only.

On May 11, 1934, she commenced an action against plaintiff to recover on the bond which it had executed.

April 26, 1934, defendant Lulu C. White obtained a judgment against plaintiff under its bond for $2,446.52, together with costs in the sum of $280.

June 19, 1934, plaintiff filed the present action in the nature of an interpleader, asking that (1) the court make an order prorating the amount of the bond among the various

claimants, and (2) defendant Lulu C. White be restrained from executing the judgment she held unsatisfied until an order of proration had been made.

October 6, 1934, the trial court modified a previous injunction restraining defendant Lulu C. White from executing the judgment which she had theretofore obtained by permitting her to levy an execution against plaintiff in the sum of $2,250, and on November 22, 1934, entered judgment in favor of defendant Hazel A. Dunlap in the sum of $2,223.07 and $77.80 costs.

Plaintiff relies for reversal of the judgment on these propositions:

*First: The evidence is insufficient to support the findings of fact upon which the judgment was necessarily predicated.*

*Second: The trial court erred in proceeding to try the case, since the principal on the bond was not a party to the action.*

*Third: The bond furnished by plaintiff on behalf of the broker did not cover such acts as the evidence disclosed in the instant case.*

*Fourth: It was error to modify the preliminary injunction so as to permit defendant Hazel A. Dunlap to levy an execution prior to December 31, 1935.*

As to plaintiff's first proposition, we have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain each and every material finding of fact upon which the judgment in favor of defendant Hazel A. Dunlap and the order in favor of Lulu C. White were necessarily predicated. We therefore refrain from further discussion of the evidence. (*Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399]; *Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549].)

Appellant's second claim is untenable. A bond furnished pursuant to the requirement of subdivision 3 of section 6 of Act 3814, *supra*, does not create an unlimited and continuing liability on the surety issuing such bond and the surety cannot be held liable for the aggregate in excess of the amount designated in the bond. One recovery of the full amount constitutes a defense against all pending or future suits, even though such suits are based upon distinct wrongful acts of the principal. (*Wiggins* v. *Pacific In-*

*demnity Co.*, 134 Cal. App. 328 [25 Pac. (2d) 898].) It was therefore unnecessary to have all parties before the court in order to establish plaintiff's liability to defendants.

The third proposition urged by plaintiff is likewise untenable. Division One of this court has passed upon this identical question adversely to plaintiff's contention. (*White* v. *Financial Guarantee Corp., Ltd.*, 13 Cal. App. (2d) 93 [56 Pac. (2d) 550].)

The final contention presented by plaintiff, it is unnecessary for us to decide for the reason that plaintiff claims the injunction should have been maintained until December 31, 1935, only. This date having passed, the question is now moot and therefore will not be considered by this court. (2 Cal. Jur. 803, sec. 472.)

The judgment and order appealed from are and each is affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 10, 1936.