[Civ. No. 10868.   Second Appellate District, Division Two.—June 10, 1936.]

J. G. VENABLE et al., Respondents, v. WILLIAM NORTON et al., Appellants.

A. P. Michael Narlian and William E. Prather, of Counsel, for Appellants.

Harry Sutton for Respondents.

McCOMB, J., *pro tem.*—This is an appeal from a judgment in favor of plaintiff and against defendants William Norton

and Eva Norton in an action to recover an arrearage of rent due under the terms of a written lease.

The facts are:

Defendants William Norton and Eva Norton were the lessees by a written lease of certain premises located in Los Angeles County. Plaintiffs through mesne conveyances became the successors in interest of the lessors and filed action against the defendant lessees to recover $4,742, representing an unpaid balance of rent due under the terms of the written lease. Defendant lessees as a defense alleged that plaintiffs' assignor, The Allen-Rowlands Company, orally agreed to a modification of the rental terms of the lease and that this oral agreement had been fully executed.

The trial court found:

" . . . that it is not true that the said plaintiffs' assignor, the said defendant, the Allen-Rowlands Company, had, on or about the 15th day of January, 1932, or at any time, or at all, entered into any agreement, oral or written, with said defendants William Norton and Eva Norton, wherein and whereby said The Allen-Rowlands Company agreed to change or modify the rental terms of said lease, or in any wise or in any amount reduce any sum, or any of the sums, required and stipulated to be paid by said defendants William Norton and Eva Norton as rental under the terms of said lease; and the court further finds that it is not true that said plaintiffs and their said assignors, The Allen-Rowlands Company, or either of them, has waived any and all, or any or all, right which they or either of them may or might have had under the said lease or the aforesaid assignments to any sum or sums or amounts of rent remaining unpaid by said defendants William Norton and Eva Norton as required by and provided in the terms of said lease; and the court further finds that the allegations contained in paragraph III of the First Answer and Defense of the Answer of the defendants William Norton and Eva Norton to the Amended Complaint to the effect that payments were made under the terms of an alleged oral agreement, as in said paragraph set forth, are untrue; that it is not true that the said defendant The Allen-Rowlands Company accepted any payments as and for rent under the terms of said alleged, or any, oral agreement; and that it is not true that said defendant The Allen-Rowlands Company, for a period of time from the 22nd day of August, 1932, to

and including the 7th day of August, 1934, or at any time, or at all, accepted from said defendants William Norton and Eva Norton $100.00 per week, or any other sum or sums in said period of time, as rental for the premises demised in said lease on terms other than as payments on account of, and subject to, the rental terms specified in said lease.''

This is the sole question necessary for us to determine:

*Is there substantial evidence to support the findings of fact set forth above?*

■ In reviewing the evidence on appeal all conflicts must be resolved in favor of the findings of the trial court and all legitimate and reasonable inferences indulged to uphold its judgment. It is an elementary principle of law that, when findings are attacked as being unsupported, the power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted, which will support the conclusions of the trial judge. When, as in the instant case, two or more inferences can be reasonably deduced from the facts, this court is without power to substitute its deductions for those of the trial court. ■ We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain all the findings of fact hereinbefore set forth. Further discussion of the evidence is unnecessary. (*Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399]; *Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549].)

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.