[Civ. No. 11530.   Second Appellate District, Division Two.—September 29, 1937.]

JOHN R. McCOY, Respondent, v. WILLIAM E. CELESTIN, Appellant.

(1)

Collins Mason and H. B. Cornell for Appellant.

Anderson & Anderson for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover rent alleged to be due under the terms of a written lease of a dwelling house defendant appeals.

The essential facts are:

May 6, 1935, plaintiff and defendant entered into a written lease of plaintiff's residence located in the city of Los Angeles. The term of the lease was for one year commencing on May 10, 1935, and ending May 9, 1936, at a rental of $350 per month. Among other provisions the lease contained the following clause:

"Lessor agrees to cancel this lease after the first six months in the event that the lessee is called out of the city on business."

The first and last months' rent was paid in advance. Defendant took possession of the property and remained in possession thereof, paying the rent as agreed until on or about August 10, 1935. On or about the last date mentioned defendant notified plaintiff's secretary that he was leaving the property, requested her to have an inventory made of the furniture, and thereafter moved away from the premises.

In June, 1935, plaintiff left Los Angeles for a trip to Europe and did not learn that defendant had vacated the leased premises until his return early in September, 1935, at which time he notified defendant that he was holding the residence for his benefit and that, if he rented it, it would be for the account of defendant. Plaintiff and his wife occupied the residence, endeavoring to relet the property, which he succeeded in doing about May 19, 1936.

This is the sole question presented for our determination:

*Was there substantial evidence to sustain the trial court's findings that:*

(1) *Plaintiff did not accept a surrender of the leased premises from defendant?*

(2) *Plaintiff occupied the leased premises for the period from September, 1935, until May, 1936, for the sole purpose of preserving the same and reletting it for the benefit of defendant?*

(3) *The leased premises were not vermin infested and rendered uninhabitable?*

(4) *Defendant was not called out of the city on business during the period covered by the written lease between the parties?*

This question must be answered in the affirmative. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the findings of fact set forth, *supra,* and each and every other finding upon which the judgment in plaintiff's favor was necessarily predicated. We therefore refrain from further discussion of the evidence. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549] ; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813] ; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

It is the established law in this state that, when the lessee of premises vacates them without justification, the lessor may take possession of the property for the benefit of the tenant and relet the same and thereafter maintain an action for the difference between the sum he has in good faith received from re-leasing the premises and the amount provided to be paid by the terms of the lease. (*Bradbury* v. *Higginson,* 162 Cal. 602 [123 Pac. 797] ; *Steel* v. *Thompson,* 59 Cal. App. 191, 192 [210 Pac. 430].)

In the instant case there was substantial evidence to sustain the trial court's findings that defendant without justification vacated the premises leased by him from plaintiff and that plaintiff did not accept a surrender of the leased premises, but took possession of the same for the benefit of defendant and re-leased them for his account.

4

Applying the rule of law above stated to these facts, the trial court's judgment for the plaintiff was proper. An examination of the record in this case discloses that it is singularly free from error.

The judgment is affirmed.

Crail, P. J., and Wood, J., concurred.