[Crim. No. 3045. Second Appellate District, Division Two.—January 29, 1938.]

THE PEOPLE, Respondent, v. WILLIAM F. JAMES, Appellant.

Franklin B. MacCarthy for Appellant.

U. S. Webb, Attorney-General, and John O. Palstine, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by jury on seven counts of forgery. This appeal is from the order denying his motion for a new trial.

Viewing the evidence most favorable to the respondent, the essential facts are:

On seven different occasions in the months of February and May, 1937, defendant forged and cashed checks at various banks in the city of Los Angeles. During the course of the trial, after a witness testified that defendant admitted forging Ellen F. Huston's name to a check, the check was received in evidence as People's exhibit 10 and used by handwriting experts as an exemplar in comparison with the signatures on the seven checks defendant was charged with having forged. On his motion for a new trial defendant filed an affidavit of Ellen F. Huston that she and not defendant had signed her name to People's exhibit 10.

Defendant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the judgment.*

*Second: The trial court committed prejudicial error in receiving in evidence People's exhibit 10 and permitting it to be used as an exemplar of defendant's handwriting.*

*Third: The trial court abused its discretion in refusing to grant defendant's motion for a new trial on the ground of newly discovered evidence.*

Defendant's first proposition is untenable. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the finding of facts hereinabove mentioned and each and every other material finding of fact upon which the verdict of guilty was predicated. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549] ; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813] ; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

Defendant's second proposition is likewise untenable. The law is settled in this jurisdiction that evidence respecting a defendant's handwriting may be given by a comparison made by a witness or the jury with a writing admitted by defendant to be genuine. (Sec. 1944, Code Civ. Proc.) In the instant case officer Page testified that shortly after defendant's arrest a check, People's exhibit 10, *supra,* was displayed to defendant, who admitted that he had written it. It is evident that under the rule of law above stated the trial court properly received in evidence People's exhibit 10 and permitted it to be used by handwriting experts as an exemplar of defendant's handwriting in comparison with the signatures on the seven checks defendant was charged with having forged.

Defendant's final proposition is also without merit. The law is settled that newly discovered evidence which is merely cumulative in character, is not of itself sufficient grounds for granting a new trial. (*People* v. *Barr,* 8 Cal. App. (2d) 495, 496 [47 Pac. (2d) 1070] ; *People* v. *Loveless,* 140 Cal. App. 291, 294 [35 Pac. (2d) 574].)

In the instant case defendant took the witness stand and denied that he had written People's exhibit 10. Therefore,

the testimony of Ellen F. Huston as set forth in her affidavit on the motion for new trial was merely cumulative evidence, and the trial court did not abuse its discretion in denying the motion for a new trial.

For the foregoing reasons the order appealed from is affirmed.

Crail, P. J., and Wood, J., concurred.