[Crim. No. 3056.  Second Appellate District, Division Two.—February 2, 1938.]

THE PEOPLE, Respondent, v. ROY L. HAZELWOOD, Appellant.

Richard A. Haley for Appellant.

U. S. Webb, Attorney-General, and Frank Richards, Deputy Attorney-General, for Respondent.

McCOMB, J.—Defendant was convicted after trial by the court without a jury on four counts of forgery.  He was also found to be sane at the time of the commission of the forgeries.

Viewing the evidence most favorable to the respondent, the material facts are:

On several different occasions in the months of July and August, 1937, defendant forged and cashed checks at various banks in the county of Los Angeles. To the information charging him with the aforesaid crimes defendant entered pleas of (a) not guilty and (b) not guilty by reason of insanity.

Defendant relies for reversal of the judgment on the following propositions:

*First: The evidence is insufficient to sustain the trial court's finding that defendant was sane at the time of the commission of the offenses charged in the information.*

*Second: The trial judge committed prejudicial error in sustaining an objection to the following question asked an alienist called on behalf of defendant:*

*"Q. Now, would a person in the frame of mind in which you found this defendant on the date of your first examination be likely to believe statements made to him by others, without too much analyzation as to the truth or falsity of those statements?"*

*Third: It was prejudicial error for the trial court to determine in one trial the issues raised by plaintiff's pleas of (a) not guilty and (b) not guilty by reason of insanity.*

[1] Defendant's first proposition is untenable. We have examined the record and are of the opinion there was substantial evidence considered in connection with such inferences as the trial court may have reasonably drawn therefrom to sustain its finding of fact that defendant was sane at the time he committed the forgeries alleged in the information.

It is to be noted that defendant took the witness stand and was examined. The trial judge therefore had before him defendant and his evidence, factors which were properly considered in connection with the testimony given by the alienists bearing upon the issue of defendant's sanity at the time of the commission of the crimes charged against him. The trial court's determination of a question of fact upon conflicting evidence will not be disturbed by us. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

■ Defendant's second proposition is likewise untenable. The question propounded to the witness called for his conclusion upon a subject not in issue; hence, the trial judge's ruling in sustaining an objection to it was correct.

■ Defendant's final proposition is also without merit. It is the law that by failing to object to the determination in one trial of the issues raised by the pleas of not guilty and not guilty by reason of insanity, defendant waives his right to separate trials on such pleas and may not in this court predicate error on the failure of the trial court to have separate trials of the issues raised by the respective pleas. (*People* v. *Pettinger*, 94 Cal. App. 297, 300 [271 Pac. 132].) In the present case defendant neither requested separate trials on the issues raised by his two pleas nor did he object to such issues being determined in one trial.

For the foregoing reasons the judgment is affirmed.

Crail, P. J., and Wood, J., concurred.