[Civ. No. 11871. Second Appellate District, Division Two.—August 20, 1938.]

In the Matter of the Estate of GEORGE H. ALLAN, Deceased. MAUDE MARIE ALLAN, Appellant, v. CHARLES E. ALLAN et al., Respondents.

LeCompte Davis, MacDonald & Thompson, J. H. Gosling and Lynn V. Gosling for Appellant.

Freston & Files and Ralph E. Lewis for Respondents.

McCOMB, J.—This appeal by petitioner, the widow of George H. Allan, deceased, has been transferred by the Supreme Court to this court for decision pursuant to the provisions of article VI, section 4 of the Constitution of the state of California. It is from a decree determining heirship to the real property hereinafter described after trial before the court without a jury.

Viewing the evidence most favorable to the respondents, the essential facts are:

Mr. Allan and appellant were married in 1919. At the time of their marriage he had property of the approximate value of $100,000 and she possessed no property excepting a few personal belongings. April 1, 1934, Mr. Allan died intestate (*Estate of Allan*, 15 Cal. App. (2d) 272 [59 Pac. (2d) 425].) Subsequent to his marriage to appellant. decedent acquired the following described property:

### Parcel A

"The east half of lot twelve (12) and the east half of the north fifty-five (55) feet of lot eleven (11) in block forty-three (43) of the city of Pomona, county of Los Angeles, state of California, as per map recorded in book 3, pages 90 and 91, miscellaneous records of said county", also known as No. 176–190 East Second Street, city of Pomona.

## Parcel B

"Lot eighteen (18) and the south seventeen and seventeen hundredths (17.17) feet of lot nineteen (19), in block thirteen (13) of Whittier, in the city of Whittier, county of Los Angeles, state of California, as per map recorded in book 21, pages 55 and 56, miscellaneous records of said county", also known as No. 122–124 Greenleaf Avenue, city of Whittier.

## Parcel C

"The west twenty-two and eight one-hundredths (22.08) feet ex. of street, lot 5 and 6, block C, Grider and Hamilton Tract, the easterly portion of Bell Tract, as per book 36 of maps, records of Los Angeles County, California", also known as Nos. 4120–4122–4124–4126 Baker Avenue, in the city of Bell.

Decedent left no lineal heirs, his surviving relatives consisting of his widow, appellant; a brother, Charles E. Allan; a nephew, William B. Ittner, Jr.; and two nieces, Helen Ittner Lorber and Gladys Ittner Orr, respondents. The trial court found that the real property above described was the separate property of Mr. Allan at the time of his death, and entered an appropriate decree determining that respondents were entitled to one-half thereof.

Appellant relies for reversal of the decree on these propositions:

*First: There is no substantial evidence to sustain the trial court's finding of facts that the real property hereinabove designated as Parcels A, B, and C were the separate property of decedent at the time of his death.*

*Second: The owner's certificate of title issued by the registrar of titles of Los Angeles county certifying that George H. Allan held the real property designated above as Parcel B (this real estate having been previously registered under the Land Title Law of 1915, Stats. 1915, p. 1932, Act 8589, vol. 3 Deering's General Laws [1931] p. 4842) as community property was conclusive evidence as to decedent's interest in said real property.*

*Third: The trial court committed prejudicial error in receiving in evidence over appellant's objection:*

*(a) Income and estate tax returns signed and filed by appellant as administratrix of the estate of decedent, wherein*

the above described real property was set forth as the separate property of decedent's estate;

(b) Income tax returns filed by decedent prior to the date of his marriage to appellant, which tended to show the value of his property at the date of the filing of said returns;

(c) The contents of a revoked will of decedent wherein the property here in question was described by him as his separate property; and

(d) Conversations between Mr. Allan and his attorney relative to the value of his securities and other property which he owned.

Fourth: The trial court committed prejudicial error in not permitting appellant to show conversations she had with a tax expert prior to the time she as administratrix filed income and estate tax returns.

As to appellant's first proposition, an examination of the record discloses there was substantial evidence considered in connection with such inferences as the trial judge may have reasonably drawn therefrom to sustain the finding of facts that Parcels A and C, supra, were the separate property of decedent at the date of his death. For example, the income and estate tax returns filed by appellant as administratrix of decedent's estate returned the property as the separate estate of Mr. Allan. This evidence alone was sufficient to sustain the trial court's finding that the land described in Parcels A and C constituted separate property of the decedent. Therefore, further discussion of the evidence relative to these pieces of land is unnecessary. (Thatch v. Livingston, 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; People v. Groves, 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; Leavens v. Pinkham & McKevitt, 164 Cal. 242, 245 [128 Pac. 399].) As to the land described in Parcel B, supra, a different situation obtains, which we shall dispose of, in connection with appellant's second proposition.

The second contention of appellant is tenable. The law is settled that when real estate has been registered pursuant to the requirements of the Land Title Law of 1915, supra, and a transfer thereof is made and entered in the manner prescribed in said act, the certificate of ownership issued by the registrar of titles is conclusive evidence of the title as therein stated. (Robinson v. Kerrigan, 151 Cal. 40,

44 [90 Pac. 129, 121 Am. St. Rep. 90, 12 Ann. Cas. 829].)
Mr. Justice Shaw in the case just cited at page 45 thus states
the rule:

"Subsequent transfers of such 'registered land' are to be
made and entered in the manner prescribed in the act and
certificates thereof are to be issued by the registrar to the
transferee, which shall be conclusive evidence of his title
as therein stated."

In the instant case the land described in Parcel B, *supra,*
had been registered under the Land Title Law of 1915 prior
to the time Mr. Allan purchased it. Upon purchasing this
property Mr. Allan and appellant executed and acknowleged
the following document:

"Transferee's Affidavit and Receipt for Duplicate Certificate.

"The undersigned, George H. Allan and Maud M. Allan,
being first duly sworn by the officer whose signature appears
below, depose and say: That his full name is George H. Allan,
age 49, and occupation Broker. Her full name is Maud M.
Allan, age over 21 and occupation housewife, and that they
are married to each other, that their residence and post office
address is 116 South Van Ness Avenue, city of and county
of Los Angeles, California; that he is the transferee named
in the within instrument; *that the property therein described
is acquired and held by him as community property;* and
that they are free from any legal disability. This is also
a receipt for the Duplicate Certificate of Title issued pur-
suant to the within instrument, and the Registrar of Titles
is authorized to deliver the same to First National Bank,
whose address is Whittier, California.

GEORGE H. ALLAN
MAUD M. ALLAN."

(Italics added.)

They thereafter received from the registrar of titles of
Los Angeles County a certificate reading in part as fol-
lows:

"Owner's Certificate

" (Original in the Office of the Registrar of Land Titles.)

"This is to certify that George H. Allan, broker, aged 49
years, married to Maud M. Allan, housewife, aged over 21
years, with whom he resides at No. 116 South Van Ness
Avenue, Los Angeles, California, which is their post office
address, is the owner of an estate in fee simple, *holding*

*the same as the community property of himself and the said Maud M. Allan, his wife,* of and in the following described land situated in the city of Whittier, County of Los Angeles, State of California, to-wit: Lot Eighteen (18) and the South seventeen and seventeen hundredths (17.17) feet of Lot Nineteen (19) in Block Thirteen (13) of Whittier, as per map recorded in Book 21 pages 55 and 56 of Miscellaneous Records in the office of the Recorder of said County.

''Subject, however, to the estates, interests, encumbrances, easements, liens and charges noted by the memorials hereunder or endorsed herein; and subject also to any and all provisions of the Act above referred to.

''In witness whereof I have hereunto set my hand and caused my official seal to be affixed this 12th day of May, 1923, at 8:30 a. m.

''C. L. Logan<br>
''Registrar of Titles<br>
''Los Angeles County<br>
''California<br>
''By R. C. Gaede, Deputy.''

(Italics added.)

Applying the above. stated rule of law to the foregoing uncontradicted fact, that is, that the owner's certificate of title issued by the registrar of titles showed the land described in Parcel B as the community property of decedent and appellant, the trial court was in error in finding it to be the separate property of decedent at the time of his death.

■ The evidence described in paragraph (a) of appellant's third proposition was properly received. The law is settled that the act or declaration of a party which is against his pecuniary or proprietary interest at the time when made is admissible in evidence against such party. (Sec. 1870, subd. 2, Code Civ. Proc.; *Estate of Baird,* 193 Cal. 225, 241 [223 Pac. 974].) It needs no argument to demonstrate that the act and declaration of appellant in executing and causing to be filed income and estate tax returns in which she declared that the land described in Parcels A and C, *supra,* were the separate property of her deceased husband were acts and declarations against her pecuniary and proprietary interests at the time they were made.

█ The evidence mentioned in paragraphs (b), (c), and (d) of appellant's third proposition was inadmissible. However, in light of the well established rule that the character of the ownership of property, that is, whether separate or community, is to be determined from proof showing the mode of acquisition rather than by any declaration of one of the parties that the property was or was not community property (*Bias* v. *Reed,* 169 Cal. 33, 42 [145 Pac. 516]), we are of the opinion that such evidence was not prejudicial to appellant, and that under the provisions of article VI, section 4½ of the Constitution of California such error must be disregarded by us.

█ Appellant's final contention is without merit. The proffered evidence was from a tax expert and was of conversations between appellant and such tax expert who prepared the estate income and estate tax returns. His testimony of what he said to appellant or she said to him was not admissible. It was her acts and declarations in connection with the returns which were competent evidence and not the proffered testimony.

Appellant suggests numerous other errors in rulings of the trial court on the admission or rejection of evidence, some of which are supported by argument. Most of them, however, have received no further attention from appellant than the mere claim of error. We have examined them all and find that appellant's contentions in this regard are without merit and that the rulings of which complaint is made were in no instance prejudicial except as above set forth.

For the foregoing reasons the decree is affirmed as to Parcels A and C and is reversed as to Parcel B. The case is remanded to the trial court with instructions to prepare and enter a modified decree in accord with the views expressed in this opinion.

Crail, P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 16, 1938.