[Crim. No. 3268.    Second Appellate District, Division Two.—November 22, 1939.]

THE PEOPLE, Respondent, v. CLAUDE D. WATSON, Appellant.

Gladys Towles Root for Appellant.

Earl Warren, Attorney-General, and Paul D. McCormick, Deputy Attorney-General, for Respondent.

McCOMB, J.—From a judgment of conviction of grand theft after trial. before a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

Viewing the evidence most favorable to the People (respondent), the essential facts are:

January 6, 1939, the complaining witness, Virgie James, and an unidentified colored woman were walking on Seventh Street in the city of Los Angeles, when defendant, carrying a wallet stuffed full of something which appeared to be money, came across the street into the presence of the women. The woman accompanying the complaining witness thereupon stated to him, ''Go on, Mister, go on, I saw you pick it up, we saw you pick it up.'' Defendant then stated in substance that they all saw him pick it up but that he did not steal it. He then stated to the two women that he would divide the money with them but that it would be necessary for them to put up some money to show good faith. The complaining witness thereafter drew $900 from the bank and turned it over to the defendant as evidence of her good faith. She did not see the defendant thereafter until he was arrested nor did she receive a return of the money or any portion thereof or any part of the contents of the wallet.

Defendant relies for reversal of the judgment on these propositions:

First: The evidence is insufficient to sustain the judgment.

Second: The trial court committed prejudicial error in overruling defendant's objections in the following examination:

"Q. Did you take her someplace to see a photograph?

"A. No. She came into the Bunco Detail Office, Room 38, City Hall.

"Q. What occurred there?

"MRS. ROOT: I object to that on the ground it is incompetent, irrelevant and immaterial, and self-serving.

"THE COURT: The objection is overruled. You opened the gate yourself as to that identification; I did not.

"MR. HAMMON: Maybe I can limit it.

"Q. Did you have on that occasion, or somebody have on that occasion, a group of photographs of people among which was the photograph of this defendant?

"MRS. ROOT: Just a moment, I object to that upon the ground it is hearsay, incompetent, irrelevant and immaterial, and self-serving.

"THE COURT: The objection is overruled. Did you show some photographs to this lady?

"A. I did.

"THE COURT: Did she pick any photographs out?

"A. She did.

"THE COURT: What photograph did she pick out, if you know?

"MRS. ROOT: Just a moment, I object. I am sorry to make an objection to your Honor's question, but for the purpose of the record I will object to that on the ground that the photograph itself would be the best evidence: that it also calls for a conclusion, and that it is incompetent, irrelevant and immaterial.

"THE COURT: The same ruling. What photograph did she pick out, if you know?

"A. She picked out a photograph of one Claude Watson, the defendant Watson, the defendant in this case.

"MR. HAMMON: That is all.

. . . . . . . . . . . . . .

"*Q. Did you suggest to her a photograph to be picked out of the group?*

"*MRS. ROOT: Just a minute, before you answer that, we object upon the ground it calls for a conclusion of the witness, is hearsay, and incompetent, irrelevant and immaterial.*

"*THE COURT: If you will open the gate, I can't close it for you, Mrs. Root. The objection is overruled.*

"*A. I did not.*"

*Third:* The trial court committed prejudicial error in denying defendant's motion for a continuance for the purpose of producing a jailer who would give testimony contradicting that of a witness as to the clothing defendant wore at the time of his arrest.

*Fourth:* The trial court committed prejudicial error in denying defendant's motion for a new trial on the ground of newly discovered evidence.

■ As to defendant's first proposition, we have examined the record and find that there was substantial evidence considered in connection with such inferences as the jury may have reasonably drawn therefrom to sustain the facts set forth above and each and every material finding of fact upon which the jury's verdict was necessarily predicated. Further discussion of the evidence is unnecessary. (*Thatch* v. *Livingston,* 13 Cal. App. (2d) 202 [56 Pac. (2d) 549]; *People* v. *Groves,* 9 Cal. App. (2d) 317, 321 [49 Pac. (2d) 888, 50 Pac. (2d) 813]; *Leavens* v. *Pinkham & McKevitt,* 164 Cal. 242, 245 [128 Pac. 399].)

■ Defendant's second proposition is untenable. An examination of the questions to which defendant objected indicates that he claims error because the trial court permitted a witness to testify that the complaining witness selected at the police station a photograph of defendant as the guilty party. Even though such evidence was inadmissible, it clearly has not resulted in prejudice to defendant, in view of his positive identification by the complaining witness, and we must therefore disregard such error, pursuant to the requirements of article VI, section 4½ of the Constitution of the State of California.

■ Defendant's third proposition is without merit. In view of the positive identification of defendant as the guilty party by the complaining witness, it was entirely immaterial

as to what clothing defendant wore at the time of his arrest, which occurred more than a month after the commission of this crime. Therefore, the trial court properly denied his motion for a continuance.

Defendant's final proposition is likewise without merit. Defendant filed an affidavit in which the affiant stated that she visited defendant shortly after his arrest and that he was not attired at that time according to the description of his clothing given by the police officer who arrested defendant. Such evidence was collateral matter and not material to any issue before the court. Hence the court did not err in denying defendant's motion for a new trial.

The judgment and order appealed from are and each is affirmed.

Moore, P. J., and Wood, J., concurred.