[Crim. No. 1391.   Fourth Dist.   Dec. 5, 1958.]

THE PEOPLE, Respondent, v. RALPH CHARLES MENDOZA, Appellant.

Edgar G. Langford and J. Perry Langford for Appellant.

Edmund G. Brown, Attorney General, and Joe J. Yasaki, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant Ralph Charles Mendoza was charged with two counts of robbery (Pen. Code, § 211) and with two prior felony convictions. In a separate information his codefendants, Joe Floyd Goessman and Richard Brown, were also charged with two counts of robbery based on the same facts alleged in the information against Mendoza. It was also alleged in the latter information that at the time of the commission of the offense the defendant Goessman was armed with a deadly weapon. A motion for a new trial was denied and the three defendants were sentenced to imprisonment in the state prison. Defendant Mendoza appeals from the judgment of conviction and the order denying his motion for a new trial.

During the early morning hours on February 12, 1958, David Miramontes and Edwin Austin, students at the San Diego State College, were working part time at the P & R Liquor Store in San Diego. As was their custom, they removed all money in the cash register in excess of $100 and placed it in the safe, leaving $15 or $20 in silver and the rest in currency in the cash register for the next day. Fifteen or 20 minutes later appellant and defendant Goessman entered the store. Austin asked them if he could help them. Austin and appellant went to the wine section of the store and appellant picked out a bottle of wine. When Austin reached for the bottle, appellant told him to stand still and then told him to lie down on the floor behind the counter with his hands stretched out. Goessman then told Miramontes not to move and pulled an automatic pistol from his jacket pocket and told Miramontes to open the cash register. After Miramontes had complied with this order, he was ordered to go over and lie down next to Austin and stretch his arms out. Appellant then took wrist watches from Austin and Miramontes and Miramontes heard someone taking money from the cash register. Appellant and Goessman then left the store and the police were called. All of the bills and 50 cent pieces were taken from the cash register.

On March 11, 1958, defendant Goessman was arrested and when questioned by a police officer, stated that he knew nothing about the robbery. He was asked ''who he was with'' and stated that he was with Mendoza and Brown; that he had received some money and that he had thrown the robbery gun in the bay approximately two days before his arrest.

On March 11, 1958, defendant Brown, when questioned by

a police officer relative to his participation in the robbery, stated he was the driver of the car and did not go into the store; that he had received money for his part in the robbery but did not remember the exact amount. When asked "who he was with" he stated that he was with appellant and Goessman.

Appellant first contends that the court erred in admitting into evidence the statements of Goessman and Brown made to the police officer to the effect that appellant was with them at the time of the robbery. There is no merit to this contention. Where, as here, the jury were properly admonished and instructed by the court that such testimony could be considered only as against the defendant making the statement and the statements implicated the defendant, Goessman and Brown in the commission of the robbery, there was no error in admitting the questioned statements in evidence. (*People* v. *Mullins*, 145 Cal.App.2d 667, 671 [303 P.2d 58]; *People* v. *Matthew*, 194 Cal. 273, 279 [228 P. 424]; *People* v. *Gidney*, 10 Cal.2d 138, 144 [73 P.2d 1186]; *People* v. *Koenig*, 29 Cal. 2d 87, 94 [173 P.2d 1].)

It is next contended that the trial court erred in permitting the prosecution to introduce evidence of appellant's bad conduct in school. The record shows in this connection that the witness Miramontes identified appellant as one of the two men who entered the store and committed the robbery. He also testified that he recognized the appellant when he entered the store and that he saw him at Kearny High School in about 1948 or 1949 when he (Miramontes) was a student there. Counsel for appellant cross-examined Miramontes extensively as to the nature of his acquaintance with appellant at the Kearny High School and his reasons for identifying him. On redirect examination the deputy district attorney asked Miramontes if there was something about Mendoza when he was in high school with appellant that would enable him to remember him better than the average classmate and Miramontes replied that he (appellant) was always in trouble. The deputy district attorney then asked the following question: "As a matter of fact, he got kicked out of school?" An objection to this question was sustained by the trial court and it was not answered. Moreover, the court instructed the jury as follows:

". . . and if any counsel intimated by any of his questions that certain hinted facts were, or were not, true, you must disregard any such intimation, and must not draw any in-

ference from it. . . ." While the question was improper, no reversible error resulted therefrom.

■ Appellant next argues that the court erred in permitting the prosecution to introduce evidence that counsel for appellant at one time represented one Rudolph Mendoza. This argument is likewise without merit. Counsel for appellant in cross-examining Miramontes was asked if he knew a Rudy Mendoza at the Kearny High School and if he felt that it was Rudy Mendoza that he knew at the school. The prosecution then introduced evidence that Rudy Mendoza was in jail at the time the robbery was committed and that he had requested the services of appellant's counsel. There was positive identification of the appellant and the error, if any, did not result in prejudice to him. (*People* v. *Watson*, 35 Cal. App.2d 587, 590 [96 P.2d 374] ; *People* v. *James*, 40 Cal.App. 2d 740, 746 [105 P.2d 947].).

■ Finally, appellant claims that the court erred in its instructions to the jury. He contends in this connection that the court singled out particular evidence for comment and gave undue prominence to particular issues. However, we have examined all the instructions given and are not in accord with this claim. The jury was told that

"If it has appeared to you that any remark of mine has expressed an opinion concerning the testimony or credibility of any witness, or the significance or effect of any of the evidence, I would caution you that it is your right and duty to exercise the same independence of judgment in weighing the judge's comment on the evidence, as you are entitled to exercise in weighing the testimony of the witnesses and the argument of counsel.

"You will keep in mind that you are the exclusive judges of the credibility of the witnesses and of all questions of fact submitted to you. Such authority as the trial judge has to express his personal thoughts on any of these matters is confined to the sole purpose of aiding you in arriving at a verdict, and may not be used, and is not used in this case, to impose his will upon you or to compel a verdict.

"If, during the course of the trial, I have said or done anything which may have suggested to you that I am inclined in favor of the claims or positions of either party, you will not suffer yourselves to be influenced by any such suggestion. I have not expressed, nor intended to express, nor have I intended to intimate any opinion as to which witnesses are, or are not worthy of belief, or what inferences should be drawn

from the evidence. If any expression of mine has seemed to indicate an opinion relating to any of these matters, I instruct you to wholly disregard it."

In *People* v. *Friend,* 50 Cal.2d 570, 577-578 [327 P.2d 97], it is held that a judge may restrict his comments to portions of the evidence or to the credibility of a single witness and need not sum up all the testimony, both favorable and unfavorable; that he may not withdraw material evidence from the jury's consideration or distort the testimony, and his comments should be temperately and fairly made, rather than being argumentative or contentious to a degree amounting to partisan advocacy. The jury, as required by the constitutional provision, must remain as the exclusive arbiter of questions of fact and the credibility of witnesses, and the judge should make clear that his views are not binding but advisory only.

The instructions in the instant case and the comments of the trial judge did not violate the rules announced in *People* v. *Friend, supra,* and no reversible error appears in this connection.

Judgment and order denying new trial affirmed.

Griffin, P. J., and Shepard, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 28, 1959. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.