[Crim. No. 2683. Third Dist. Nov. 7, 1956.]

THE PEOPLE, Respondent, v. SAM JUNIOR MULLINS et al., Defendants; FRANK BRADHAM, Appellant.

*Assigned by Chairman of Judicial Council.

James F. Roach, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

PEEK, J.—Defendant Bradham, together with two co-defendants, Smith and Mullins, was charged with a violation

of section 211 of the Penal Code. The defendants were tried jointly following pleas of not guilty. The defendant Smith was found not guilty, and the defendants Mullins and Bradham were found guilty of robbery in the second degree. The motion of the defendant Bradham for a new trial was denied. He alone appeals from that order and from the judgment of conviction, contending generally that the evidence was insufficient to support the conviction; that the trial court committed prejudicial error during the trial and on the motion for new trial; and that the district attorney was guilty of prejudicial misconduct.

Viewing the evidence, as we must, in the light most favorable to respondent, it appears that while one John Long was walking to his home in Broderick from Sacramento, he observed a brown or tan 1949 or 1950 Pontiac sedan following him. The car passed him slowly and continued on to a darkened service station where it waited until he passed. Long observed that the car held four occupants; that the right rear fender had been damaged and the red glass of the tail light on that side had been broken. As Long continued on past the service station, the car again followed him, and shortly thereafter stopped abruptly on the opposite side of the street. Three men got out of the car and accosted him. One of them got behind him, and holding a sharp object at his throat said, "This is a stick-up . . . Hand over your goods." Long was forced to give over a leather jacket, a wrist watch, a cigarette case, a cigarette lighter and 15 cents in change. The three men then fled in the car which, in the meantime, had made a U-turn and was headed back toward Sacramento. Within a few minutes Long reported the robbery to the Yolo County authorities who radioed a description of the car and its occupants to the Sacramento police, and shortly thereafter the car was located in that city. When the occupants of the car were searched, a Ronson cigarette lighter was found in the possession of Mullins. Long was brought to the scene and identified the car as the one involved in the robbery and the cigarette lighter as the one which had been taken from him. His identification of the lighter was based upon the fact that it had a scratch on the cover and the cotton filler was red rather than the customary white. The occupants were interrogated by the police officers and gave conflicting stories as to their whereabouts that evening. At the trial Long identified Bradham as the person who had said, "This is a stick-up . . . Hand over your goods." His identification of Bradham was based

primarily upon his recognition of Bradham's voice which he had heard in the course of a conversation at the preliminary hearing.

The appellant now contends that the evidence that he was in the automobile in company of the other defendants, one of whom had possession of the lighter, and the identification of himself by Long solely upon the claimed recognition of his voice, was insufficient to sustain the conviction. In support of this contention he refers to. Long's doubtful identification of the car; the fact that Long failed to report the lighter as missing when he reported the robbery; and that he did not mention the lighter at the preliminary hearing as being insufficient to sustain a conviction, and that Long's testimony that he recognized the voice of appellant is so incredible .as to be unworthy of belief. ▮ The fact that Long may have been doubtful in his identification of the car, or that he failed to mention the loss of the lighter and that it was not mentioned at the preliminary hearing, does not make such evidence unworthy of belief.

▮ " 'The strength or weakness of the identification, the incompatibility of and discrepancies in the testimony, if there were any, and the uncertainties of witnesses in giving their testimony were matters solely for the observation and consideration of the jurors in the first instance, and for the consideration of the trial court on motion for a new trial . . ., and on appeal this court may not disturb such finding and the action of the trial court unless we can say, as a matter of law, that there was no evidence to support the conviction.' " (*People* v. *Hood,* 140 Cal.App.2d 585, 588 [295 P.2d 539].)

Viewing the evidence before us in light of the rule above enunciated, we cannot say as a matter of law that the evidence was insufficient to support the conviction of the defendant. ▮ Furthermore, as regards the question of the identification of the appellant by Long,

"It is universally recognized that the voice, as well as the physical appearance of a person, is a means by which identification is made possible, there being no more similarity in the voices of different people than there is in their physical appearance . . . Therefore, testimony relating to the identity of the voice is competent, its probative value being a question of fact for the jury." (*Connell* v. *Clark,* 88 Cal.App.2d 941, 947 [200 P.2d 26].)

▮ It is appellant's next contention that the court erred in allowing a police officer to testify to a conversation had with

the codefendant Mullins. We find no merit in this contention. The defendants were jointly charged and jointly tried for the robbery. No request was made for separate trials. As is quite often the case, under like circumstances, evidence may be properly admitted which may reflect participation by another, but that is inherent in such a situation. There can be no question but that the evidence introduced was relevant as to Mullins in that it tended to implicate him in the robbery. The court quite properly allowed the testimony and properly instructed the jury that ". . . it will be limited to [Mullins] the party talking." The situation was subsequently summarized thus by the court: "I have done all I can do. The fact it might make it look black for another defendant doesn't shut it out; but when you are trying defendants together, I can do all I can when I restrict to the man who is doing the talking. That is as far as the court can go." (See *People* v. *Trawick,* 78 Cal.App.2d 604, 608 [178 P.2d 45].)

Appellant further contends that the verdict of second degree robbery is not supported by the evidence in that it should have been first degree or nothing, and therefore the verdict was the result of a compromise. Again we must disagree. Long did not testify that he saw a weapon, nor was any weapon introduced in evidence. He merely testified that a sharp object which he believed to be a knife or a straight razor was held at his throat. Under such circumstances the fact that the jury did not find that a dangerous weapon was used does not support a conclusion that the verdict was the result of a compromise. In the absence of instructions in the record on appeal, it must be presumed the jury was correctly instructed as to the degrees of the offense charged and followed such instructions. (*People* v. *Corenevsky,* 124 Cal.App.2d 19 [267 P.2d 1048].)

Appellant also contends that the trial court erred when, in considering his motion for a new trial, it erroneously assumed that appellant's codefendants, when on the stand, admitted being in Broderick on the night in question. The evidence concerning their whereabouts that evening was in conflict; however, there was sufficient evidence from which the court might infer that the defendants had been in that city. And as the court noted, the record must be taken "as a whole and that there is enough there to sustain a verdict." It is well established that "in passing upon a motion for new trial the judge has very broad discretion and is not bound by conflicts in the evidence, and reviewing courts are reluctant

to interfere with a decision granting or denying such a motion unless there is a clear showing of an abuse of discretion." (*People* v. *Robarge,* 41 Cal.2d 628, 633 [262 P.2d 14].) In the absence of a showing of such an abuse of discretion, this court is not warranted in interfering with the order of the trial court now attacked.

 Finally appellant contends that the district attorney was guilty of prejudicial misconduct in his final argument to the jury when he stated that the crime had been investigated by three different law enforcement agencies. In support of such contention, appellant states that the argument was irrelevant and made solely for the purpose of convincing the jury that if the case received such a thorough investigation, the defendants were more likely to be guilty than innocent. A reading of the transcript discloses that the district attorney was merely refuting the previous argument of defense counsel attacking the overzealousness of the Yolo County authorities and the credibility of the various police officers who had testified. In no way did the attacked statement reflect the personal view of the district attorney or imply any personal knowledge of facts outside of the case. It should be noted that counsel for defendant raised no objection to the statement when it was made, nor did he question the propriety thereof at the time of his argument in support of his motion for a new trial, which from the record appears to have been made solely upon the alleged insufficiency of the evidence.

The judgment and order are affirmed.

Van Dyke, P. J. ,and Schottky, J., concurred.