[Crim. No. 3865.   First Dist., Div. One.   May 31, 1961.]

THE PEOPLE, Respondent, v. LOUIS C. De SHORE, Appellant.

Benjamin F. Marlowe for Appellant.

Stanley Mosk, Attorney General, Arlo E. Smith and Robert R. Granucci, Deputy Attorneys General, for Respondent.

DUNIWAY, J.—This appeal is from a judgment of conviction of three violations of Health and Safety Code, section 11501, sale of narcotics (heroin). Appellant asserts that the court committed prejudicial errors of law, that the prosecutor was guilty of misconduct, and that the convictions are not supported by the evidence.

In presenting these points, appellant has, except as to the first, utterly disregarded the Rules on Appeal. His brief does not contain a single reference to the transcript in support of either of the other two points. His excuse is that he was given seven days' notice to turn in his brief. This, however, was after he had been given three extensions of time. The transcripts were filed with this court on September 14, 1960, and counsel had until February 14, 1961, a period of five months, in which to file his brief.

■ The first contention, as to prejudicial errors of law, is not supported by any citation of law (see *People* v. *Mac-Arthur,* 125 Cal.App.2d 212, 217 [270 P.2d 37], involving the same counsel), and could be disregarded for that reason. In any event, the point is without merit. ■ Appellant was charged with three prior convictions. As to these, he stood mute, and the court entered a denial for him. (Pen. Code, §§ 1024, 1025.) When the first jurors were drawn, the court stated to them the charges in the information and said ''Then there follow three prior convictions against the Defendant, which he denied.'' (*Cf.* Pen. Code, § 1093, subd. 1.) Counsel stated ''He did not deny them,'' to which the court replied that ''he stood mute, and the Court entered a denial.'' In chambers, appellant admitted the priors. Counsel complained that the district attorney should have taken the matter up with him before trial. The court then explained that the record showed six previous appearances at which counsel could have taken care of the matter, and denied a mistrial. Upon returning to the bench, the court accurately explained to the jury what had happened, and told them that there would be no issue as to the priors, and that ''[t]he only issues will be on the first, second and third counts, which I have explained.'' What the court did was substantially in accord with Penal Code, section 1093. (*People* v. *Williams,* 148 Cal. App.2d 525, 535 [307 P.2d 48].) Appellant is in no position to complain; his counsel could have brought the matter up

before the trial and avoided the entire incident.

At oral argument, counsel abandoned his claim of misconduct by the prosecutor.

As to insufficiency of the evidence, we would be justified in disregarding the point because of counsel's failure to comply with rules 37(b) and 15(a), Rules on Appeal. There are 770 pages of transcript, and it is counsel's duty to point out, with specific references to the transcript, the particulars in which the evidence is insufficient. (*People v. Gidney*, 10 Cal.2d 138, 142-143 [73 P.2d 1186].)

In his brief, the attorney general has summarized, with transcript references, the evidence that, as he asserts, sustains the conviction. We have examined the portions of the transcript thus cited and find the evidence clearly sufficient as to each offense.

Affirmed.

Bray, P. J., and Tobriner, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 26, 1961.