[Crim. No. 24. Fifth Dist. Sept. 27, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH LEON ROBLES, Defendant and Appellant.

892

Ralph Leon Robles, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, Raymond M. Momboisse and Barry L. Bunshoft, Deputy Attorneys General, for Plaintiff and Respondent.

STONE, J.—Appellant and his codefendant, Rocha, were charged in a three-count indictment with: Count I, violation of section 261, subdivision 4 of the Penal Code, rape by means of force and fear; Count II, violation of section 459 of the Penal Code, burglary by entering a dwelling house with intent to commit rape; Count III, violation of section 207 of the Penal Code, kidnaping. A jury found defendant guilty of the burglary, Count II, but failed to reach a verdict as to Count I, rape by force and violence. They acquitted defendant of Count III, kidnaping. Subsequently the court, upon motion of the district attorney, dismissed Count I "in the interests of justice," and appellant was sentenced to the state prison pur-

suant to the judgment of conviction of burglary, first degree. Appellant has appealed from the judgment of conviction.

Appellant and his codefendant, Rocha, drove from Kettleman City to Fresno, Sunday afternoon, January 15, 1961. They spent most of their time drinking mixed drinks, whiskey and beer, in various taverns, until closing time at 2 o'clock the following morning. They started back to Kettleman City and on the way appellant told Rocha that he knew of a woman with whom they could have intercourse, and that she lived in the Town of Burrel, a small community in Fresno County. Rocha was driving appellant's pickup truck and in accordance with directions from appellant, drove to the woman's home. The two men walked up the steps to the front porch; it then being approximately 4:30 a. m. January 16, 1961.

Before walking up the steps, Rocha tied a white handkerchief over his face and armed himself with a tire iron. Appellant knocked on the front door of the house and Mrs. Moreno, the woman for whom appellant was looking, was awakened. She turned on the porch light and looked out the window to see who was there. Appellant directed Rocha to unscrew the porch light so no one could recognize them. Rocha was unable to reach the light, and appellant directed him to knock it out with the tire iron, which Rocha proceeded to do. Mrs. Moreno did not recognize the men, so she moved her daughter from the living room where she was sleeping, to a rear bedroom with her sister. Mrs. Moreno then went to the back door to lock it, and while she was so occupied, appellant opened the screen door by ripping the screen, and then kicked open the front door. A window pane in the top half of the door was broken, and the door lock or latch was sprung.

When Mrs. Moreno returned to the living room, appellant and Rocha were there; Rocha was still armed with the tire iron which he had used to break the front porch light. Mrs. Moreno said, "What do you want? If you want money, I don't have money"; to which appellant replied, "No, we don't want money, what we want is this" and reached over and touched Mrs. Moreno in the pelvic region. Codefendant Rocha asked appellant if he should hit Mrs. Moreno with the tire iron, and appellant replied that it would not be necessary as he thought she would go.

Mrs. Moreno testified that she feared for her own safety and that of her children and her sister, so she agreed to leave the house with the men. She asked to get her shoes, but appellant refused the request and she was forced to leave the house

wearing only a bathrobe and panties. The three got into appellant's pickup truck, Rocha driving, Mrs. Moreno sitting between the two men. Rocha drove without headlights some two or three miles to a vacant field, and stopped. After Rocha got out of the truck, appellant removed Mrs. Moreno's panties and had sexual intercourse with her. When he finished, he got out a bottle of whiskey, took a drink and apologized to Mrs. Moreno. Then Rocha, still wearing the handkerchief over his face, entered the pickup and had sexual intercourse with Mrs. Moreno. When he finished he too apologized to her.

The two men then drove Mrs. Moreno to within a block of her home and let her out of the truck, barefooted and clad only in panties and a robe. Mrs. Moreno walked the block to her home, where she found an officer from the Fresno Sheriff's Office who had been called by Mrs. Moreno's next-door neighbor. Appellant and Rocha were arrested a short time thereafter.

The greater part of appellant's brief is predicated upon a misconception of the law. Appellant asserts that he could not be convicted of burglary charging him with wilfully and unlawfully entering a dwelling house with intent to commit rape, because the jury was unable to agree as to Count I, charging him with rape. He emphasizes that Count I, the charge of rape, was dismissed by the court. Appellant states in his brief, ''To constitute burglary, the charge of rape (count I) had to be proven first.'' Thus appellant argues that the intent to commit rape was not proved because the rape itself was not proved. However, the gist of the offense of burglary is defendant's intent to commit a felony *at the time he enters the building*. Section 459 of the Penal Code, in pertinent part, provides: ''Every person who enters any house . . . with intent to commit grand or petit larceny or any felony is guilty of burglary.''

Proof of intent at the time of entry does not depend upon the subsequent commission of the felony or even an attempt to commit it. This is borne out by *People* v. *Guarino,* 132 Cal. App.2d 554 [282 P.2d 538], where it is said, at page 559: ''The crime of burglary is complete on the entering of the building with intent to commit a felony, though the intended felony be not committed.''

In the case of *People* v. *Murphy,* 173 Cal.App.2d 367, 373 [343 P.2d 273], the court, in affirming a conviction of burglary predicated upon an entry with intent to commit theft, used the following language: ''. . . it is unnecessary to prove

a theft under an accusation of burglary. The statute requires evidence only that the entry be effected with the intent to steal or to commit any felony.''

Thus appellant's contention that the failure of the jury to find him guilty of Count I, the charge of rape, negatives his conviction of burglary, that is, entering the dwelling of Mrs. Moreno with intent to commit rape, is based upon an erroneous concept of the law of burglary.

Looking now to appellant's attack upon the sufficiency of the evidence to support the verdict of the jury, we first note that the evidence must be reviewed in accordance with the rule laid down in *People* v. *Newland,* 15 Cal.2d 678 [104 P.2d 778]. The Supreme Court said at page 681:

'' '. . . We must assume in favor of the verdict the existence of every fact which the jury could have reasonably deduced from the evidence, and then determine whether such facts are sufficient to support the verdict.' If the circumstances reasonably justify the verdict of the jury, the opinion of the reviewing court that those circumstances might also reasonably be reconciled with the innocence of the defendant will not warrant interference with the determination of the jury. [Citations.]''

 Secondly it should be noted that burglary may be proved by circumstantial evidence. In *People* v. *Stewart,* 113 Cal.App.2d 687 [248 P.2d 768], it was held, at page 691, that: ''The burglarious intent could be reasonably and justifiably inferred from the unlawful and forcible entry alone.''

In *People* v. *Murphy, supra,* page 373, it was said that: '' 'In a prosecution for burglary the evidence on which a defendant is convicted may be purely circumstantial and if substantial, as in the present case, is sufficient to support the judgment of guilty.' [Citation.]'' (See also *People* v. *Michaels,* 193 Cal. App.2d 194, 199 [13 Cal.Rptr. 900]; *People* v. *Nichols,* 196 Cal.App.2d 223, 226 [16 Cal.Rptr. 328].)

 Having in mind the foregoing principles, we turn to the evidence which was before the jury. Appellant and his codefendant entered the dwelling of Mrs. Moreno at 4:30 a. m.; Rocha placed a handkerchief over his face and armed himself with a tire iron; Rocha, at the order of appellant, broke the front porch light; when Mrs. Moreno did not admit them to the dwelling, appellant tore the screen door loose and then forced the front door open; the doorlatch was broken and glass in the door was shattered. When Mrs. Moreno said ''What do you want? If you want money, I don't have money,'' appel-

lant said ''No, we don't want money, what we want is this'' and placed his hand between her legs; Mrs. Moreno testified that she consented to go with appellant because she feared for herself and the safety of her children and her sister. Also, when she asked permission to get her shoes, appellant and Rocha refused and took her away dressed only in panties and a robe. The foregoing evidence is sufficient to justify a reasonable inference that appellant intended to commit rape when he forcibly entered the home of Mrs. Moreno. (*People* v. *Franklin*, 106 Cal.App.2d 528 [235 P.2d 402]; *People* v. *Smith*, 84 Cal.App.2d 509, 512 [190 P.2d 941]; *People* v. *Nichols, supra,* p. 227.)

Appellant's misunderstanding of the elements of the crime of burglary gives rise to another misconceived assignment of error. It is his contention that the court should have instructed the jury to consider each count in the light of each of the others, which in turn would prevent their finding him guilty as to Count II, intent to commit rape, unless they found him guilty of the rape as charged in Count I. ▮ The court correctly instructed the jury that each count must be considered separately and if any element in the charged offense of any count was found to be lacking, they must acquit as to that count. The court further instructed the jury that not only must each count be considered separately, but that each count must be considered separately as to each defendant. Instruction CALJIC 112, which embodies the foregoing admonitions, was read to the jury at the request of all parties to the action. During the deliberations of the jury, clarification of the instruction was requested. The court then explained by example how the jury should consider each count separately. We construe his remarks by way of explanation to be more favorable to appellant than to the People.

As his last ground of appeal, appellant asserts that the court erred in admitting into evidence a statement made by codefendant Rocha following his arrest. This statement was taken by an officer, out of the presence of appellant, and as to him it was hearsay. At the time the district attorney first asked a question concerning the statement, appellant's counsel requested an admonition to the jury that any extrajudicial statement by Rocha must not be considered against appellant. ▮ It developed that statements had been taken from both appellant and Rocha, so the court admonished the jury:

''With the statement, we will limit the statement to the defendant to whom the statement is attributed, and not consider

it at this time against the other defendant in the case. The Court will give you instructions how you consider these statements or alleged statements at the conclusion of the case.''

Upon two subsequent occasions during the trial the court gave a similar admonition to the jury, and at the conclusion of the case, at the request of the People and appellant, the court gave the following instruction:

''39-A. Where evidence has been received of a statement by one of the defendants after his arrest and in the absence of his co-defendant, such statement can be considered only as evidence against the defendant who made such statement and cannot be considered for any purpose as evidence against his co-defendant.''

In view of the court's admonitions, we find no error in the admission into evidence of the statements of codefendant Rocha. It has been established that the extrajudicial statement of one defendant may be received in evidence even though it may tend to incriminate another defendant, provided the jury is properly admonished and instructed that such evidence can be considered only as against the defendant making the statement. (*People* v. *White,* 186 Cal.App.2d 853, 859 [9 Cal.Rptr. 99]; *People* v. *Roberts,* 40 Cal.2d 483 [254 P.2d 501]; *People* v. *Mullins,* 145 Cal.App.2d 667 [303 P.2d 58].) ▇ When the proper admonition is given to the jury by the court, as here, it must be presumed that the jury heeded the admonition. (*People* v. *Turville,* 51 Cal.2d 620, 636 [335 P.2d 678]; *People* v. *Chavez,* 50 Cal.2d 778, 790 [329 P.2d 907].) Of course, where a statement is irrelevant or unnecessary, or it is extremely prejudicial and inadmissible hearsay as to a codefendant, the statement should be excluded from the evidence. (*People* v. *Chavez, supra.*) ▇ Such was not the situation here, since the statement was neither irrelevant, unnecessary, nor extremely prejudicial. Furthermore, Rocha testified in substance to most of the matters contained in his extrajudicial statements, and was subject to cross-examination. We do not find any reversible error in light of California Constitution, article VI, section 4½. (*People* v. *Chavez, supra,* p. 791.)

The judgment is affirmed.

Conley, P. J., and Brown, J., concurred.