73 Cal.Rptr. 547, 447 P.2d 939]

[Crim. No. 12581.   In Bank.   Dec. 20, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. KENNETH EARL BARD II, Defendant and Appellant.

4

Mitchell W. Egers, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Philip M. Rosten and Jerold A. Prod, Deputy Attorneys General, for Plaintiff and Respondent.

McCOMB, J.—By information defendant was charged with burglary, in violation of section 459 of the Penal Code, in that he entered a residence in the City of Downey with the intent to commit rape. After a trial before the court, he was found guilty and the degree of the burglary was found to be the first. Probation was granted, and defendant appeals from the judgment (order granting probation).

*Facts*: At approximately 2:55 a.m. on May 16, 1967, Miss E. M. awoke to find a man in bed with her. The man, whom she later identified as defendant, was fondling her private parts with his hands underneath the pajamas and underclothes she was wearing. She did not believe she had ever seen the man before. She got out of bed and told defendant he would have to leave. He did so. She later determined that a screen on a bathroom window had been removed. She had shut all her doors before retiring.

Question: *Is this court bound by the trial court's finding that at the time defendant entered the victim's apartment he had an intent to commit rape?*

*Yes.* A judgment will not be reversed unless upon no

reasonable hypothesis whatsoever is there sufficient evidence to support the trier of fact's conclusion, and an appellate court will assume the existence of every fact in support of the judgment that can reasonably be deduced from the evidence. (*People* v. *Daugherty,* 40 Cal.2d 876, 885-886 [256 P.2d 911]; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778]; Witkin, Cal. Procedure (1954) Appeal, §§ 848-88, pp. 2245-2253.)

As stated in *People* v. *Kittrelle,* 102 Cal.App.2d 149, 156 [8] [227 P.2d 38] : ██ "The intention with which an accused enters the house of another is a question of fact and where the circumstances of a particular case and the conduct of the accused reasonably indicate his purpose in doing so is to commit a larceny or any felony a verdict of guilty of the crime of burglary will not be disturbed on appeal."

██ It is defendant's intention at the time he made the entry that is determinative, since burglary arises when a person enters the house of another with the intent to commit a felony. (*People* v. *Sears,* 62 Cal.2d 737, 745 [13] [44 Cal. Rptr. 330, 401 P.2d 938].) What occurs later—completion of the felony, abandonment, or capture—is irrelevant to the original crime. (*People* v. *Robles,* 207 Cal.App.2d 891, 894 [1] [24 Cal.Rptr. 708].)

██ In the present case, the matter was by stipulation submitted on the transcript of the preliminary examination. After hearing arguments by counsel, the trial court found defendant guilty as charged. Later, in ruling on defendant's motion for a new trial, the court stated : "As the trier of facts I must determine what was in the defendant's mind at the time he made the entry into the apartment. If his intent was to enter into the apartment, based on a factual situation, as indicated in the *Tidmore* case [*People* v. *Tidmore,* 218 Cal. App.2d 716 [32 Cal.Rptr. 444], where the defendant had known and admired the victim for several years], I would be inclined to agree with you, however, I have to draw a further inference from the factual situation that we have a man here who is a complete stranger to this woman, that he breaks entry into the apartment at 2:00 or 3:00 in the morning . . . and gets in bed and begins to fondle the woman while she is asleep. . . . [In] [t]he Court's opinion . . . the fact that he climbed into bed with a strange woman who was asleep at the time . . . [indicates] that at the moment he entered that apartment . . . it was his intention to have an act of sexual intercourse with force upon this woman."

Defendant argues, "It is just as consistent to speculate that

he felt, albeit erroneously, that he could arouse sexual desires of the complaining witness by fondling her private parts and thereby place her in a cooperative mood to gratify his own sexual desire, as it is to speculate that he intended to use force to accomplish his purpose.''

As indicated above, however, it is not the function of this court to determine whether a different finding would be just as reasonable as the one the trial court made; rather, this court simply determines whether there is substantial evidence, including inferences reasonably deduced from the facts in evidence, to support the finding actually made.

In any event, as is implied by the trial judge's statement, the fact that the victim was a complete stranger to defendant makes it more reasonable to conclude from his actions that he intended to rape her than that he intended only to seduce her.

Thus, in *People* v. *Nye,* 38 Cal.2d 34 [237 P.2d 1], where the defendant was found guilty of assault with intent to commit rape, this court said: ''Defendant contends that the admission that 'he intended to have sexual intercourse' with Mrs. P. went no farther than to show that he intended peacefully to solicit sexual relations. In the light of the evidence of the force used and *the fact that defendant had never seen Mrs. P. before,* the jury could reasonably reject that interpretation of his admission.'' (Italics added.) (P. 38[4].)

Admittedly, more force was used in the *Nye* case than here. There the defendant entered the bedroom of a woman who was a stranger to him, covered her mouth with his hand, grasped her wrist while she screamed and kicked, and then released her when she bit his hand. However, in the present case some degree of force was used by defendant. By climbing into the victim's bed, thrusting his hand beneath her underwear, and fondling her private parts, defendant assaulted her (see *People* v. *Bradbury,* 151 Cal. 675, 677 [91 P. 497]; *People* v. *Allison,* 245 Cal.App.2d 568 [54 Cal.Rptr. 148]); and there would appear to be no reason why a potential rapist must exceed this degree of unwarranted physical contact before it can be said he intended to take his victim against her will.

In *People* v. *Mullen,* 45 Cal.App.2d 297 [114 P.2d 11], relied on by defendant, the defendant's actions were held to constitute only persuasions, caresses, and embraces of a seducer. However, in that case not only was there no sexual contact, but the advances made by the defendant took place during the daytime in a crowded building in the downtown section of Los Angeles, behind an unlocked door, within easy

calling distance of the person who had given the defendant the key to the room in which the alleged act occurred. In addition, the victim was not a complete stranger to the defendant, the two having met the preceding day and made an appointment for the time of the alleged offense.[1]

In *People* v. *Tidmore, supra,* 218 Cal.App.2d 716, also relied on by defendant, there was no physical contact of any kind. In addition, the defendant had known, and apparently admired, the victim for a number of years. In one of his pretrial statements, he had indicated that it was his intention to gain entry and persuade the victim to have intercourse with him. He had sought to enter through a window, but his presence was observed by the victim while he had only his head and one of his hands in the room and was pushing a dresser away from a window. The victim went to the kitchen and obtained a knife. Upon her return, the defendant had left. Under these circumstances, it was held that nothing more had been shown as to the defendant's intent than that he desired to have sexual intercourse with the victim.

In *People* v. *Kittrelle, supra,* 102 Cal.App.2d 149, the defendant was charged with "burglary with intent to commit theft and rape," and it was held that evidence of his having entered the victim's bedroom early in the morning and awakened her by pulling at the bedclothes, together with the reasonable inferences therefrom, justified the conclusion that he entered the house with the intent to commit larceny and rape. (P. 156 [9].)

The judgment is affirmed.

Traynor, C. J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.

---

[1]As pointed out in *People* v. *Hood,* 199 Cal.App.2d 44, 46 [18 Cal.Rptr. 351], to the extent that *Mullen* impels proof that the offender must show a resolve to use all his force to commit rape notwithstanding all possible resistance, it is no longer followed.