[Crim. No. 737.  Fifth Dist.  Mar. 2, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
CALVIN WILLIE ROBISON, Defendant and Appellant.

**COUNSEL**

Melvin W. Nitz, Public Defender, and Hugh Wesley Goodwin, Assistant Public Defender, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Edsel W. Haws and A. Wells Petersen, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**COAKLEY, J.**—Appellant was charged and convicted of violating Penal Code section 266h, pimping. The prior conviction of robbery with which he was charged was found to be true by the jury. Appellant was granted probation, one of the terms of which was that he serve six months in the county jail with credit for time already served.

At the time the crime was committed, June 14, 1968, Penal Code section 266h read as follows: "Any male person who, knowing a female person is a prostitute, . . . solicits or receives compensation for soliciting for her, is guilty of pimping . . . ."

The facts concerning the offense charged are:

On June 14, 1968, Walter Daley and Randy Krause, working as part-time operators for the Fresno Police Department, assigned to the vice squad and dressed in civilian clothes, were cruising in the West Fresno area in an unmarked police car. The car was equipped with a "Fargo unit," which picked up and transmitted all conversations had in and about the car to a receiving unit in a nearby police car. Two regular police officers assigned to the vice squad were in the second car, and they monitored the transmissions from the Daley-Krause car. Daley parked the car on Kern Street, and shortly thereafter appellant came to the car and asked, "Are you looking for a couple of girls?" The men answered, "Yes," following which appellant said, "it would cost us a couple of bucks for him to get us a couple of girls." Appellant then directed Daley and Krause to follow him to "E" Street since the "police were sort of hot around that area." Appellant walked to "E" and Tulare Streets with Daley and Krause following slowly in their car. As they crossed Tulare, on "E," appellant directed them to park the car. Appellant then stood by the Daley-Krause car and "yelled" to two girls standing about 25 yards from him. They responded by walking to the car. One of the girls looked at Krause and said that she was not getting into the car with him as he was an operator. She immediately disappeared. Upon being assured by appellant that the men were not operators, the other girl, Tanya Taylor, said, "I hear you're looking for a

date?" The men answered, "Yes," and Tanya replied, "Well, it will cost you $10 apiece." Appellant, who was standing beside Tanya, then asked, "What about my $2 apiece?" The operators paid appellant $4, the girl entered their car, and together they drove for a few blocks when they were pulled over by Officers Martin and Lopez, who had monitored the conversation above described. Tanya was arrested for prostitution. Later that evening at the police station, Daley and Krause were shown photographs, and from them they identified appellant as the man with whom they had dealt on the street earlier that evening.

At the trial, Daley and Krause testified to the foregoing. Officers Martin and Lopez testified that they saw Tanya on the streets of West Fresno virtually every night. They often saw her approach and speak with men, get into the men's cars, drive away, return with the men in a half hour or so, be dropped off, and then repeat the routine. Officer Lopez testified that he saw Tanya in the company of known prostitutes.

Appellant asserts, as grounds for appeal, that the evidence was insufficient to establish (1) that Tanya was a prostitute; (2) that appellant knew she was a prostitute; and (3) that appellant solicited Daley and Krause for Tanya as a prostitute. With respect to the third ground, it is appellant's contention that the evidence establishes only that he was soliciting for Daley and Krause, and not for Tanya. None of appellant's contentions has merit.

■ We point out initially, as did the court in *People* v. *Bard,* 70 Cal.2d 3, 4-5 [73 Cal.Rptr. 547, 447 P.2d 939], that: "A judgment will not be reversed unless upon no reasonable hypothesis whatsoever is there sufficient evidence to support the trier of fact's conclusion, and an appellate court will assume the existence of every fact in support of the judgment that can reasonably be deduced from the evidence. [Citations.]"

■ A prostitute is defined as a woman who offers herself indiscriminately to sexual intercourse for hire (*People* v. *Romo,* 200 Cal.App.2d 83, 90 [19 Cal.Rptr. 179]; *People* v. *Phillips,* 70 Cal.App.2d 449, 452 [160 P.2d 872]). Clearly, Tanya bargained not for a "date" in the conventional sense as urged by appellant, but for an act of prostitution, which in the "trade" is frequently referred to as a "date" (*People* v. *Elliott,* 241 Cal. App.2d 659 [50 Cal.Rptr. 757]), or a "trick" (*People* v. *Frey,* 228 Cal. App.2d 33 [39 Cal.Rptr. 49]).

■ It is equally clear that appellant knew that Tanya was a prostitute. His unsolicited approach to Daley and Krause, his offer to get them "a couple of girls" for a charge of a "couple of bucks" to be paid him, his remark that the area was under police surveillance, and his bringing the two men and Tanya together, with Tanya quoting her price in his presence

and appellant then demanding and receiving $4 for his services, establishes beyond question that he knew Tanya was offering herself to the men as a prostitute for $10 per "trick" or "date," i.e., for each act of prostitution. Knowledge is a question of fact to be determined by the jury from the evidence, including all reasonable inferences to be drawn therefrom. (*People* v. *Lauria,* 251 Cal.App.2d 471, 477 [59 Cal.Rptr. 628].)

There being undisputed evidence from which the jury could reasonably find that Tanya was in fact a prostitute, that appellant knew she was such, and that he asked for and received money for bringing prostitute and patrons together, the question remaining for decision under the definition of the crime of pimping (see Pen. Code, § 266h, *supra*) is whether the defendant was "soliciting for her," i.e., Tanya. Appellant argues that he was not "soliciting for her," or any other prostitute; that he was soliciting for Daley and Krause. This argument, though ingenious, has no more validity than appellant's argument in support of his other two grounds for reversal. Appellant approached Daley and Krause and asked if they were looking for girls, patently meaning prostitutes. They did not seek appellant out and ask him to go in search of prostitutes on their behalf. Appellant led them directly to Tanya and the other girl, and called the girls over to the car where Tanya and appellant quoted their fees, respectively, $10 and $2, per "date."

The fact that Tanya's price was net, and that Daley and Krause paid the "commission" to appellant does not alter the fact that appellant solicited Daley and Krause on behalf of a prostitute or prostitutes, and not the reverse of that proposition. The jury was justified in reaching that conclusion, and its conclusion will not be disturbed on appeal (*People* v. *Phillips, supra,* 70 Cal.App.2d 449, 454).

The judgment is affirmed.

Stone, P. J., and Gargano, J., concurred.

A petition for a rehearing was denied March 30, 1970.