Filed 12/17/15  P. v. Vickers CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078995 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F01860) |
| v. | |
| CLEVELAND VICKERS, | |
| Defendant and Appellant. | |

Defendant Cleveland Vickers pleaded no contest to second degree burglary and admitted an enhancement allegation that he personally used a firearm.  At sentencing, the trial court imposed the stipulated state prison term of four years four months.  The trial court subsequently denied defendant's petition for recall and resentencing under Penal Code section 1170.18,[1] concluding that his burglary conviction was not eligible for resentencing.

Defendant now contends (1) the trial court erred in denying his petition for resentencing, and (2) it is reasonably probable that a proper application of section 1170.18 will result in a reduction of his conviction to a misdemeanor.

---

[1] Undesignated statutory references are to the Penal Code.

1

We agree that the trial court should not have found defendant's burglary conviction ineligible for resentencing. We will reverse that order and remand for further proceedings on the petition.

BACKGROUND

Defendant entered a Sacramento Wal-Mart on March 5, 2013, picked up laundry detergent and toilet paper from the store, then went to the customer service desk and returned the items for cash, using a receipt from a prior transaction. The items were worth $9.15.

A Wal-Mart security officer met defendant and his companion as they exited the store. Defendant's companion surrendered to security, but defendant pulled a semi-automatic handgun from his waistband, held it at his side, and told the security officer to back off.

Defendant pleaded no contest to second degree burglary (§ 459) and admitted an enhancement allegation that he personally used a firearm (§ 12022.5, subd. (a)). The trial court sentenced defendant to a stipulated state prison term of four years four months.

Defendant subsequently filed a petition for recall and resentencing. (§ 1170.18.) He argued that under Proposition 47, his second degree burglary conviction should now be reduced to a misdemeanor shoplifting conviction. (§ 459.5.) The People opposed the petition, arguing that resentencing would be inconsistent with the intent of Proposition 47. The People noted that Proposition 47 converts felonies to misdemeanors for nonserious, nonviolent crimes; but here, defendant committed his crime while armed with a firearm. The People argued this is not a simple, nonviolent petty theft case, and defendant is not entitled to resentencing.

The trial court determined that defendant is ineligible for resentencing and denied his petition.

DISCUSSION

I

Defendant contends the trial court erred in denying his petition for recall and resentencing.

Proposition 47 reduced many crimes from felonies to misdemeanors. Among other things, it added section 459.5, which defines the misdemeanor offense of shoplifting as entering an open commercial establishment during regular business hours with the intent to commit larceny, where the value of the property taken or intended to be taken does not exceed $950. (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Section 459.5 further provides that any other entry into a commercial establishment with the intent to commit larceny is burglary. (§ 459.5, subd. (a).)

Proposition 47 also added section 1170.18, which allows a defendant to petition for recall and resentencing under specified circumstances. Section 1170.18 provides in pertinent part:

"(a) A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

The Attorney General asserts that defendant did not meet his burden of establishing eligibility for resentencing. We disagree. Under section 1170.18, subdivisions (a) and (b), defendant is eligible for recall and resentencing because he is currently serving a felony sentence for a conviction by plea which would have been a misdemeanor had Proposition 47 been in effect at the time of his offense.

The Attorney General nevertheless points to the statement of purpose and intent in Proposition 47, which "[r]equires misdemeanors instead of felonies for nonserious, nonviolent crimes like petty theft and drug possession, unless the defendant has prior convictions for specified violent or serious crimes." (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) text of Prop. 47, § 3, subd. (3), p. 70.) Because "any felony in which the defendant personally used a dangerous or deadly weapon" is a serious felony and therefore a strike (§ 1192.7, subd. (c)(23)), the Attorney General argues defendant's admission that he personally used a firearm renders his conviction ineligible for Proposition 47 resentencing.

The problem with the Attorney General's argument is that defendant pleaded no contest to second degree burglary and admitted an enhancement, but his criminal conduct is now the crime of shoplifting, a misdemeanor, which cannot be a serious felony and cannot support the firearm enhancement. (§ 12022.5, subd. (a) ["any person who personally uses a firearm in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for 3, 4, or 10 years, unless use of a firearm is an element of that offense"].) Section 459.5 requires misdemeanor punishment for all criminal acts that constitute the crime of shoplifting, with certain exceptions not applicable here. There is no statutory exception for the personal use of a firearm enhancement.

The legislative inclusion of certain crimes necessarily excludes others. (*People v. Lewis* (1993) 21 Cal.App.4th 243, 247.) Notwithstanding Proposition 47's statement of purpose, the electorate intended to recognize only a narrow exception to the general rule

4

that acts constituting the new crime of shoplifting are misdemeanors rather than felony second-degree burglary. Because defendant does not fall within the statutory exceptions, his criminal acts constitute the crime of shoplifting, and he is eligible for section 1170.18 resentencing.

The Attorney General also argues that resentencing is precluded by defendant's plea agreement. But that argument is inconsistent with the language of section 1170.18, subdivision (a), which expressly refers to conviction by plea. (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652-653.) The fact that defendant received a stipulated term as part of his plea agreement is no reason to depart from this conclusion. "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Harris*).)

The Attorney General claims *Harris* is inapposite. According to the Attorney General, the plea agreement in this case included an "implicit" agreement to insulate the stipulated sentence from possible changes in the law, because the prosecutor gave up so much in exchange for the stipulated sentence.

The court in *Harris* acknowledged the possibility that parties to a plea agreement might "affirmatively agree or implicitly understand" that the consequences of the plea will remain fixed despite changes in the law. (*Harris, supra*, 57 Cal.4th at p. 71.) But there is no evidence that such an agreement or understanding exists in the instant case. Here, the parties did not discuss insulating the stipulated term from changes in the law. "[P]rosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Harris,*

5

*supra*, 57 Cal.4th at p. 71.)  The reason the Attorney General advances for overcoming this presumption against an implied promise -- the good deal given to defendant by the People -- does not support the Attorney General's argument.  Like any contract, a plea agreement should be reached only after both parties find the terms acceptable.  After-the-fact characterization of a plea as advantageous to the defendant is no reason to imply a term not expressed in, or contemplated by, the agreement.

The Attorney General further argues that defendant's conduct did not constitute shoplifting, because defendant did not prove that he only intended larceny when he entered the Wal-Mart.  (*People v. Sherow* (2015) 239 Cal.App.4th 875, 880.)  According to the Attorney General, because defendant was armed when he entered the Wal-Mart, "it can be inferred that he had the intent to use the gun to assist in his getaway," which therefore places his criminal conduct "well outside" the crime of shoplifting.

"It is defendant's intention at the time he made the entry that is determinative, since burglary arises when a person enters the house of another with the intent to commit a felony.  [Citation.]  What occurs later -- completion of the felony, abandonment, or capture -- is irrelevant to the original crime.  [Citation.]"  (*People v. Bard* (1968) 70 Cal.2d 3, 5.)  Defendant entered the Wal-Mart, took the detergent and toilet paper without paying, returned them for cash, and did not display the firearm until a security officer tried to stop him as he was leaving the store.  These facts show that defendant intended to commit larceny when he entered the store.  His use of the firearm was in response to store security catching him before he departed the scene.  The facts do not show that defendant intended to commit some other felony when he entered the store.

The Attorney General also argues that because defendant was a convicted felon, it can be inferred that he intended to be a felon in possession of a firearm when he entered the store.  The offense of being a felon in possession of a firearm is a general intent crime that can be committed by actual or constructive possession of a firearm.  (*People v. Spirlin* (2000) 81 Cal.App.4th 119, 131.)  It is a continuous offense so long as the

6

defendant maintains possession. (*Ibid*.) Nonetheless, the Attorney General does not cite authority for the proposition that whenever a felon is in possession of a firearm, his mere entry into a residence or a business results in a burglary.

We conclude defendant is eligible for recall and resentencing. But that, of course, is not the end of the analysis.

## II

Defendant contends it is reasonably probable that a proper application of section 1170.18 will result in a reduction of his conviction to a misdemeanor.

As we have explained, however, section 1170.18 vests the trial court with the responsibility to determine whether resentencing defendant would pose an unreasonable risk of danger to public safety. Contrary to defendant's assertion, on this record we cannot say that a particular result is "reasonably probable." We will remand the matter to the trial court to make such a determination.

## DISPOSITION

The order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.


                                            /S/
                                        Mauro, J.


We concur:


     /S/
Robie, Acting P. J.


     /S/
Murray, J.


7