Filed 8/16/16  P. v. Barnett CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C078915 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040827) |
| v. | |
| DANIEL JAY BARNETT, | |
| Defendant and Appellant. | |

Upon responding to a report of a robbery at a children's clothing store, officers arrested defendant Daniel Jay Barnett, who matched the store clerk's description of the person who both robbed the store and subsequently threatened the clerk with a knife.  An information charged defendant with second degree robbery and second degree burglary while armed with a knife.  (Pen. Code, §§ 211, 459, 12022, subd. (b)(1).)[1]  The People also alleged defendant was previously convicted of a strike offense.  (§ 667, subd. (d),

---

[1]  All further statutory references are to the Penal Code unless otherwise designated.

1170.12.)  Subsequently, defendant entered into a plea bargain in which he entered a no contest plea to one count of second degree burglary and admitted he had been armed with a knife.  The court sentenced defendant to four years in state prison.  Defendant filed a petition for resentencing pursuant to section 1170.18, requesting that the burglary conviction be redesignated a misdemeanor.  The court denied the petition and defendant filed a timely notice of appeal.

We agree that the trial court should not have found defendant's burglary conviction ineligible for resentencing.  We will reverse that order and remand for further proceedings on the petition.

### FACTUAL AND PROCEDURAL BACKGROUND

We take some of the facts from our previously filed opinion.  (*People v. Barnett* (Apr. 3, 2015, C076483) [nonpub. opn.].)

In March 2014 officers responded to a report of a robbery at a children's clothing store.  The victim was the store clerk, who told police that a man took merchandise and left the store without paying.  She ran after the man, who brandished a knife in response.  The clerk backed away and the man rode off on a bicycle.

Police thought the clerk's description fit defendant, who was living at a local transient camp.  Officers went to the camp and found defendant.  Inside defendant's tent, the police found the merchandise taken from the store.  Defendant had a knife in his pocket and a bicycle outside of the tent, both of which matched the description given by the store clerk.  The clerk identified defendant as the man who stole the merchandise.

The People charged defendant with second degree robbery and second degree burglary while armed with a knife.  The People also alleged defendant was previously convicted of a strike offense.

Defendant entered a plea of no contest to second degree burglary and admitted being armed with a knife.  In exchange for his plea the remaining charge was dismissed

2

with a *Harvey* waiver, and the strike allegation was stricken pursuant to section 1385.**2**
The trial court denied defendant's request for probation and sentenced him to four years in state prison.

On January 29, 2015, defendant filed a petition for resentencing in the trial court pursuant to section 1170.18, requesting that his prior burglary conviction be redesignated a misdemeanor. Defendant filed a second petition on February 2, 2015. The record on appeal also contains a petition for resentencing dated January 20, 2015; that petition is not marked with a file stamp.

On February 6, 2015, defense counsel appeared for defendant on the petition in this case as well as another petition seeking a reduction to misdemeanor status of a conviction involving an unrelated narcotics offense. The trial court reduced the narcotics conviction to a misdemeanor but denied the request to reduce the burglary while armed with a knife conviction.

Defendant sought reconsideration in the trial court, including a petition for a writ of habeas corpus. In denying that petition, the court noted: "Petitioner used a knife to commit the crime. This does not fit within the new crime of 'shoplifting.' (P.C. 459.5[.])" Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant argues the trial court erred in denying his motion to have his burglary conviction reduced to shoplifting. He posits five factors for us to consider: (1) defendant had no disqualifying prior convictions; (2) he was not found to pose an unreasonable risk to society; (3) the record of conviction establishes that his offense was a qualifying commercial burglary, committed during normal business hours; (4) nothing in the record of conviction establishes a finding or admission of losses over $950; and (5) relief was

---

**2** *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

3

not precluded by the existence of a knife-use enhancement. Defendant concedes the final factor is "probably the most interesting and novel issue."

Proposition 47 reduced many crimes from felonies to misdemeanors. Among other things, it added section 459.5, which defines the misdemeanor offense of shoplifting as entering an open commercial establishment during regular business hours with the intent to commit larceny, where the value of the property taken or intended to be taken does not exceed $950. (§ 459.5, subd. (a); *People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Section 459.5 further provides that any other entry into a commercial establishment with the intent to commit larceny is burglary. (§ 459.5, subd. (a).)[3]

Proposition 47 also added section 1170.18, subdivision (a), which states: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of

---

[3] Section 459.5 states: "(a) Notwithstanding Section 459, shoplifting is defined as entering a commercial establishment with intent to commit larceny while that establishment is open during regular business hours, where the value of the property that is taken or intended to be taken does not exceed nine hundred fifty dollars ($950). Any other entry into a commercial establishment with intent to commit larceny is burglary. Shoplifting shall be punished as a misdemeanor, except that a person with one or more prior convictions for an offense specified in clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667 or for an offense requiring registration pursuant to subdivision (c) of Section 290 may be punished pursuant to subdivision (h) of Section 1170. [¶] (b) Any act of shoplifting as defined in subdivision (a) shall be charged as shoplifting. No person who is charged with shoplifting may also be charged with burglary or theft of the same property."

the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

Defendant argues the trial court erred in denying him Proposition 47 relief on his conviction for shoplifting. He contends use of the knife was not a disqualifying factor. We agree.

The question presented is whether defendant is currently serving a felony sentence for a conviction by plea that would have been a misdemeanor had Proposition 47 been in effect at the time of his offense.

The Attorney General argues that resentencing is precluded by defendant's plea agreement. According to the Attorney General, "because the burglary conviction was the result of a plea bargain in a more serious felony charge of robbery while armed with a knife, as well as a prior strike, which were all dismissed in return for a reduction to second degree burglary while armed with a knife, [defendant] should be bound by that bargained-for sentence. The People are entitled to the benefit of their bargain here."

However, this argument is inconsistent with the language of section 1170.18, subdivision (a), which expressly refers to conviction by plea. (*T.W. v. Superior Court* (2015) 236 Cal.App.4th 646, 652-653 (*T.W.*).) The fact that defendant received a stipulated term as part of his plea agreement is no reason to depart from this conclusion. "[T]he general rule in California is that the plea agreement will be ' "deemed to incorporate and contemplate not only the existing law but the reserve power of the state to amend the law or enact additional laws for the public good and in pursuance of public policy. . . ." ' [Citation.] That the parties enter into a plea agreement thus does not have the effect of insulating them from changes in the law that the Legislature has intended to apply to them." (*Doe v. Harris* (2013) 57 Cal.4th 64, 66 (*Harris*).) In interpreting a voter initiative such as Proposition 47, we apply the same principles governing statutory construction. (*People v. Rizo* (2000) 22 Cal.4th 681, 685.)

5

The Attorney General claims the reasoning in *T.W.* "is flawed and should not be adopted by this Court." In this case, according to the Attorney General, "the circumstances indicate an implicit understanding that [defendant's] sentence would remain intact despite possible changes in the law because the prosecutor was giving up so much in return for reduction of charges and the dismissal of the strike."

The court in *Harris* acknowledged the possibility that parties to a plea agreement might "affirmatively agree or implicitly understand" that the consequences of the plea will remain fixed despite changes in the law. (*Harris*, *supra*, 57 Cal.4th at p. 71.) But there is no evidence that such an agreement or understanding exists in the present case. The parties did not discuss insulating the stipulated term from changes in the law. "[P]rosecutorial and judicial silence on the possibility the Legislature might amend a statutory consequence of a conviction should not ordinarily be interpreted to be an implied promise that the defendant will not be subject to the amended law." (*Ibid.*) The reason the Attorney General advances for overcoming this presumption against an implied promise, the good deal defendant received in the plea bargain, does not support the Attorney General's argument. Like any contract, a plea agreement should be reached only after both parties find the terms acceptable. A later characterization of a plea as advantageous to the defendant is no reason to imply a term not expressed in, or contemplated by, the agreement. Nor does the fact that the prosecution "apparently" insisted on an arming enhancement permit us to imply that the parties considered the bargain immutable.

The Attorney General also argues defendant's conduct did not constitute shoplifting because defendant did not merely intend to commit simple larceny. According to the Attorney General, "[Defendant] did not commit larceny via entering a store, concealing merchandise that belonged to that store, and simply leaving the store. Rather, he ultimately obtained the merchandise by force or fear – the crime of robbery –

6

when he displayed a knife in order to achieve his larcenous objective.  Thus, [defendant] did not simply 'shoplift.' "

"It is defendant's intention at the time he made the entry that is determinative, since burglary arises when a person enters the house of another with the intent to commit a felony.  [Citation.]  What occurs later—completion of the felony, abandonment, or capture—is irrelevant to the original crime.  [Citation.]" (*People v. Bard* (1968) 70 Cal.2d 3, 5.)  Here, defendant entered the clothing store, took merchandise without paying, and did not brandish the knife until the clerk confronted him outside the store. These facts show that defendant intended to commit larceny as he was leaving the store. His use of the knife was in response to being stopped outside of the store.  The facts do not show that defendant intended to commit some other felony when he entered the store. In any event, by their plea agreement the parties resolved the question of what crime was committed.  That agreement is subject to the changes in the law enacted by Proposition 47.

We conclude defendant is eligible for recall and resentencing.

### DISPOSITION

The order denying defendant's petition for recall and resentencing is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

                                                                    RAYE            , P. J.


I concur:


        RENNER        , J.

7

Nicholson, J., Dissenting.

I respectfully dissent because defendant has not established that he is eligible to have his felony second degree burglary conviction reduced to a misdemeanor under Penal Code section 1170.18.

By plea bargain, defendant was convicted of second degree burglary, which is committed when the perpetrator enters a shop "with intent to commit grand or petit larceny or any felony." (Pen. Code, § 459.) The intent at the time of entry is dispositive. (*People v. Kwok* (1998) 63 Cal.App.4th 1236, 1246.) The facts of this case are sufficient to support two different time-of-entry intent scenarios: (1) defendant intended only to commit larceny by taking merchandise valued at less than $950 (Pen. Code, current § 459.5) or (2) defendant intended to commit robbery by taking the merchandise by force or fear (Pen. Code, current § 211). When defendant pleaded guilty, it made no difference whether he intended to commit larceny or robbery at the time of his entry into the shop because both supported a second degree burglary conviction.

Defendant petitions the courts now to have his felony second degree burglary conviction reduced to a misdemeanor. Penal Code section 1170.18, subdivision (a) provides that a person "may petition for recall of sentence . . . to request resentencing [to a misdemeanor]" *if* the person "would have been guilty of a misdemeanor under [the amended statutes]." Whether that condition in subdivision (a) has been satisfied cannot be determined in this case because defendant's time-of-entry intent may have been to commit larceny (which would qualify him for relief) or robbery (which would disqualify him from relief).

Under these circumstances, defendant is not entitled to relief because he bears the burden of establishing entitlement to relief. He is entitled to relief "[i]f [he] satisfies the criteria in subdivision (a) ." (Pen. Code, § 1170.18, subd. (b).) Since he cannot satisfy

1

the criteria—one of which is that he was convicted of second degree burglary based on a time-of-entry intent of larceny only—he is not eligible for reduction of his felony burglary to a misdemeanor shoplifting conviction.

This case is unlike second degree burglary convictions based solely on shoplifting because defendant possessed a knife when he entered the shop and he showed his willingness to use it to take the merchandise by force or fear. These circumstances are sufficient to support an inference that defendant entered the shop with intent to commit robbery. The resentencing statute does not give defendant the benefit of an ambiguous conviction because it assigns to him the burden of petitioning for relief and establishing that the amended statutes support his petition for relief.

I would affirm.


           NICHOLSON      , J.